# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

RAUL GARCIA,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

        v.

ROTI RESTAURANTS, LLC,

        Defendants.

---

 Index No.:

CLASS AND
COLLECTIVE ACTION
COMPLAINT

Jury Trial Demanded

Plaintiff, RAUL GARCIA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, ROTI RESTAURANTS, LLC ("Defendant"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendant: (1) unpaid wages due to time-shaving, (2) call-in pay, (3) unreimbursed uniform costs, (4) statutory penalties, (5) liquidated damages pursuant to the New York Labor Law, and (6) attorneys' fees and costs.

2.  Plaintiff further alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid wages due to time-shaving, (2) unreimbursed uniform costs, (3) liquidated damages and (4) attorneys' fees and costs.

3.  Plaintiff further alleges that he was deprived his statutory rights as a result of Defendant's unlawful discrimination practices under New York State Human Rights Law, New

1

York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-502 ("NYCHRL") and brings this action against Defendant for discrimination based on national origin to recover: (1) back pay, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to New York CPLR § 301 because Defendants transacted business and committed the alleged acts in New York State. Defendants also maintain principal places of business in New York County, New York.

5. Venue is proper under New York CPLR § 503. The circumstances giving rise to this action occurred in whole or in part in the county in which this Court sits.

## PARTIES

6. Plaintiff, RAUL GARCIA, is a resident of Bronx County, New York.

7. Defendant ROTI RESTAURANTS, LLC is a foreign limited liability company organized under the laws of the State of Delaware, with an address for service of process located at c/o Corporate Creations, 15 North Mill Street, Nyack, New York 10960. Defendant's headquarter is located at 600 West Fulton #101, Chicago, IL 60661. Defendant operates two Roti Modern Mediterranean restaurants in New York City with addresses for principal place of business located at 142 E 43rd Street, New York, New York 10017 ("Chrysler East") and 100 Maiden Lane, New York, New York 10038 ("Maiden").

8. ROTI RESTAURANTS, LLC operates a food services enterprise under the trade name "Roti Modern Mediterranean," or simply "Roti." ROTI RESTAURANTS, LLC has owned and/or operated each of the Roti restaurants nationwide.

2

9. Defendant's food services enterprise includes operating two (2) Roti restaurants throughout New York City. Employees were freely interchangeable among the two (2) restaurants in New York City, and the stores were marketed as a common enterprise. All employees were paid by the same payroll methods, and checks were paid by the same corporate entity. All employees are placed and promoted along the same career ladder, starting from "team members," who are paid hourly wages.

10. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, New York Labor Law, and the Regulations thereunder.

11. At all relevant times, Defendant was and continues to be an employer within the meaning of the New York State Human Rights Law, the New York City Human Rights Law, and the Regulations thereunder.

12. At all relevant times, Defendant was and continues to be an employer within the meaning of the New York State Human Rights Law, the New York City Human Rights Law, and the Regulations thereunder

## CLASS ACTION ALLEGATIONS

13. Pursuant to Article 9 of the CPLR, Plaintiff brings this action on behalf of all non-exempt persons (including team members) employed at Maiden or Chrysler East by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14. Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and

3

any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

15. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

16. Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of (i) failing to pay proper wages due to time shaving, (ii) failing to pay call-in pay; (iii) failing to reimburse uniform costs, (iv) failing to provide proper wage statements that were in compliance with the requirements under the New York Labor Law, and (v) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

18. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

5

21. Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay the Class members for their work;

    d) Whether Defendant properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

    e) Whether Defendant provided proper wage statements to Plaintiff and the Class members per requirements of the New York Labor Law;

    f) Whether Defendant provided proper wage and hour notice, at date of hiring and annually, to all employees per requirements of the New York Labor Law;

    g) Whether Defendant properly compensated Plaintiff and Class members for all hours worked under state and federal law;

6

h) Whether Defendant caused time shaving by forcing employees to clock out and keep working;

i) Whether Defendant failed to provide call-in pay to Plaintiff and Class members under state law; and

j) Whether Defendant failed to reimburse or illegally deducted the wages of Plaintiff and Class members for uniform expenses.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including team members), employed at Maiden or Chrysler East by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

24. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages due to time shaving and to reimburse them for uniform costs. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

25. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

7

## STATEMENT OF FACTS

26. In or around September 2014, Plaintiff RAUL GARCIA, was hired by Defendant to work as a grill person and food preparer for Defendant's "Maiden" Roti restaurant, located at 100 Maiden Lane, New York, New York 10038. Throughout his employment with Defendant, Plaintiff GARCIA's employee title was "team member." Approximately two months after his start date with Defendant, Defendant transferred Plaintiff GARCIA to work at Defendant's "Chrysler East" Roti restaurant, located at 142 E 43rd Street, New York, New York 10017. Plaintiff's employment was wrongfully terminated by Defendant in or around November 2017.

27. From the start of Plaintiff's employment with Defendant until in or around August 2017, Plaintiff's regular working hours were from 7:00 a.m. until 2:00 p.m., for five (5) days per week. Throughout this period, Plaintiff worked a total of approximately thirty-five (35) hours per week throughout his employment by Defendants. FLSA Collective Plaintiffs and Class members worked similar hours as Plaintiff.

28. From in or around August 2017 until Plaintiff was wrongfully terminated in or around November 2017, Plaintiff's regular working hours were reduced to twenty (20) hours per workweek, from 10:00 am until 2:00 pm, for five (5) days per week.

29. From the start of Plaintiff's employment through the end of June 2016, Plaintiff was compensated at a regular rate of $9.00 per hour. From in or around July 2016, Plaintiff was compensated at a regular rate of $12.46 per hour. FLSA Collective Plaintiffs and Class members were similarly compensated as Plaintiff at hourly rates.

30. Throughout his entire employment, Plaintiff was not properly compensated his proper wages for all hours worked, due to Defendant's policy of time-shaving. Plaintiff, FLSA Collective Plaintiffs and the Class were regularly required to work after clocking-out. Specifically, after

8

Plaintiff and Class members were clocked-out and changed out of their uniform, the manager would instruct them to work off-the-clock, including cleaning the restaurant, moving boxes and restocking supplies. This would take at least fifteen (15) minutes per day, and it happened three to four times per week. Defendant's policy resulted in Defendant's time-shaving of one hour per week for each Class member. This sum was never correctly reflected in employees' work hours as Plaintiff, FLSA Collective Plaintiffs and Class members were required to clock-out before performing this work.

31. From in or around August 2017 until the end of Plaintiff's employment with Defendant, on a regular basis, when Roti was not busy, Plaintiff was sent home at or around 11:30 am, after arriving to begin work at 10:00 am. On such days when Plaintiff was sent home before the end of his shift, Defendant failed to provide call-in pay premium. Other employees suffered from the same policies.

32. At all relevant times, Defendant knowingly and willfully operated their business with a policy and practice that unlawfully failed to pay Plaintiff and Class members their call-in pay premium on days when they were sent home after shortly arriving for their shift.

33. Plaintiff, FLSA Collective Plaintiffs and Class members were deducted $45 for each pair of slip proof shoes provided by Defendant. Throughout Plaintiff's employment with Defendant, he was deducted several times for such uniform costs. Such deductions were deducted from their wages and they were not reimbursed. Defendant unlawfully failed to reimburse Plaintiff, FLSA Collective Plaintiffs and Class members for their uniform costs.

34. At all relevant times, Defendant knowingly and willfully operated their business with a policy and practice that deducted and failed to reimburse or compensate Plaintiff, FLSA Collective Plaintiffs and Class members for uniform costs.

35. Defendant failed to maintain proper employment records, as required by the FLSA and NYLL. At all relevant times, Defendant provided fraudulent wage statements to Plaintiff, which failed to accurately show the number of hours worked by Plaintiff in a given workweek. Class Members received similar fraudulent wage statements due to Defendant's policy of time shaving.

36. Defendant never provided Plaintiff and Class Members with proper wage notices, as required by the NYLL.

37. Defendant knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff, FLSA Collective Plaintiffs and Class members due to Defendant's policy of time-shaving.

38. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

39. Defendant failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

40. During Plaintiff's employment by Defendant, Defendant permitted managerial employees to foster a hostile work environment. From in or around August 2017, Defendant's new manager for Roti (Chrysler East), informed all employees that no one was allowed to speak Spanish. If any employee was found to speak Spanish, they were reprimanded and sent home. The new manager also reduced the work hours of only those employees of Hispanic or Latino origin or those employees who appeared to be Hispanic or Latino. Plaintiff was included in this subclass of individuals who were subjected to a reduction in their work schedules on the basis of his national origin. The manager's discriminatory behavior was directed towards only those of Hispanic and/or Latino origin as employees of other races, ethnicities and national origins were given more hours to supplement the reduced work hours of Plaintiff and other employees of Hispanic or Latino

10

origin. In or around November 2017, Defendant terminated Plaintiff and others of Hispanic or Latino origin on no grounds other than their national origin.

41. Defendant fostered a hostile work environment against Plaintiff by adversely reducing his work hours and terminating his employment due to his national origin.

42. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

### VIOLATION OF THE NEW YORK LABOR LAW
### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff and Class members were employed by Defendant within the meaning of the New York Labor Law, §§2 and 651.

45. Defendant willfully violated Plaintiff's and Class members' rights by failing to pay them wages in the lawful amount for all hours worked due to time shaving.

46. Defendant violated Plaintiff's and Class members' rights by failing to pay them their call-in pay premium.

47. Defendant knowingly and willfully operated their business with a policy of not paying the call-in pay premium as required under the New York Labor Law.

48. Defendant violated Plaintiff's and Class member's rights by deducting uniform costs from their wages and failing to pay, compensate, or reimburse Plaintiff and Class members for uniform costs.

11

49. Defendant knowingly and willfully operated their business with a policy of deducting uniform costs and failing to reimburse Plaintiff and Class members for uniform costs.

50. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

51. Defendant knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

52. Defendant failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

53. Defendant failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

54. Defendant failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

55. Due to the Defendant's New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendant unpaid wages due to time-shaving, call-in pay premium, unreimbursed uniform costs, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law .

### COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

56. Plaintiff realleges and reavers Paragraphs 1 through 55 of this Class and Collective Action Complaint as if fully set forth herein.

57. At all relevant times, Defendant were and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

58. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

59. At all relevant times, the Defendant had gross annual revenues in excess of $500,000.

60. At all relevant times, the Defendant had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendant's policy of time shaving.

61. Defendant failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked due to Defendant's policy of time shaving.

62. At all relevant times, Defendant engaged in a policy and practice of deducting uniform costs from Plaintiff and FLSA Collective Plaintiffs, thereby receiving a kick-back for uniform costs.

63. Defendant failed to pay, compensate, or reimburse Plaintiff and FLSA Collective Plaintiffs for the cost of uniforms.

64. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

65. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendant knew or should have known such was due.

13

66. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

67. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

68. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unreimbursed uniform costs, and an equal amount as liquidated damages.

69. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

70. Plaintiff realleges and reavers Paragraphs 1 through 69 of this Class and Collective Action Complaint as if fully set forth herein.

71. The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's national origin.

72. Plaintiff is an employee and a qualified person within the meaning of NYSHRL and Defendant is a covered employer under the NYSHRL.

73. Defendant operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of reducing his work hours while increasing the work hours of employees of other national origins and terminating his employment on the basis of his national origin.

14

74. Defendant's conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the New York Executive Law § 296.

75. As a result of Defendant's unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

76. Due to Defendant's violations under the New York State Human Rights Law, Plaintiff is entitled to recover from Defendant: (1) back pay and (2) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

77. Plaintiff realleges and reavers Paragraphs 1 through 76 of this Class and Collective Action Complaint as if fully set forth herein.

78. The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's national origin.

79. Defendant has and has had at all relevant times herein, at least four (4) persons in their employ. Plaintiff is an employee and a qualified person within the meaning of NYCHRL and Defendant is a covered employer under the NYCHRL.

80. Defendant operated a business in New York City that discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment, in the form of reducing his work hours while increasing the work hours of employees of other national origins and terminating his employment on the grounds of his race and national origin.

81. As a result of Defendant's unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

82. Due to Defendant's violations under the New York City Human Rights Law, as amended, based on discrimination on the basis of national origin, Plaintiff is entitled to recover from Defendant: (1) back pay, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

**COUNT V**

**DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(SUPERVISOR LIABILITY)**

83. Plaintiff realleges and reavers Paragraphs 1 through 82 of this Class and Collective Action Complaint as fully set forth herein.

84. Under, New York City Administrative Code Title 8-107(13), an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. The relevant code provides:

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

(b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

85. Defendant violated the section cited herein as set forth. Defendant's manager was a supervisor in a managerial capacity. He discriminated against Plaintiff based on Plaintiff's national origin and wrongfully terminated Plaintiff on those grounds.

16

86. At all relevant times, Defendant operated a business that discriminated against Plaintiff on the basis of his national origin.

87. Defendant willfully violated the New York City Human Rights Law, as amended.

88. Due to Defendant's violation of New York City Human Rights Law, as amended, on the basis of Defendant's discriminatory practices, Plaintiff is entitled to recover from Defendant: (1) back and front pay, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the New York Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law;

b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the New York Labor Law and the FLSA, including those due to Defendant's policy of time shaving;

d. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay wages for all hours worked pursuant to the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay wages for all hours worked pursuant to 29 U.S.C. § 216;

f. An award of damages representing Defendant's failure to pay call-in pay premium under the NYLL;

17

g.  An award of damages representing Defendant's illegal deduction for uniform costs and failure to reimburse uniform costs under the FLSA and NYLL;

h.  An award of back pay and compensatory damages due under the New York State Human Rights Law;

i.  An award of back pay and compensatory damages due under the New York City Human Rights Law;

j.  An award of punitive damages due under the New York City Human Rights Law;

k.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.  Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to Article 9 of the CPLR;

n.  Designation of Plaintiff as Representative of the Class; and

o.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  August 13, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee
Anne Seelig
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: ___/s/ C.K. Lee_____
        C.K. Lee

18

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-------------------------------------------------------------------------X

                              Plaintiff/Petitioner,

        - against -                                    Index No. 157515/2018

                              Defendant/Respondent.
-------------------------------------------------------------------------X

### NOTICE OF COMMENCEMENT OF ACTION
### SUBJECT TO MANDATORY ELECTRONIC FILING

        PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

        NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

        Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly.  NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

        The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

        **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

        **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: _____

_____
Signature

C.K. Lee Esq.
_____
Name

Lee Litigation Group, PLLC
_____
Firm Name

30 East 39th Street, Second Floor
_____
Address

New York, New York 10016
_____

212-465-1180
_____
Phone

cklee@leelitigation.com
_____
E-Mail

To: ROTI RESTAURANTS, LLC

C/O CORPORATE CREATIONS

15 NORTH MILL STREET

NYACK, NEW YORK 10960

9/3/15

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** _NEW YORK_
------------------------------------------------------------------x

                          Plaintiff/Petitioner,

        - against -                                Index No. _157518/2018_

                          Defendant/Respondent.
------------------------------------------------------------------x

### NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
### SUPREME COURT CASES

        PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as allowed by CPLR § 2111 and Uniform Rule § 202.5-b (consensual electronic filing). This notice is being served as required by that rule.

        NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

        Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

        The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

        1) **Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case. Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile. Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

        2) **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form.** However, an unrepresented litigant may consent to participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: _____

_____
Signature

C.K. Lee, Esq.
_____
Name

Lee Litigation Group, PLLC
_____
Firm Name

30 East 39th Street, Second Floor
_____
Address

New York, New York 10016
_____

212-465-1180
_____
Phone

cklee@leelitigation.com
_____
E-Mail

To:   DOTI RESTAURANTS, LLC

c/o  CORPORATE CREATIONS

15 NORTH MILL STREET

NYACK, NEW YORK 10960

9/3/15

SEP 2 4 2018