**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RAUL GARCIA, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,

Plaintiff,

v.

ROTI RESTAURANTS LLC,

Defendant.

No. 18-cv-9820

## ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE'S SERVICE AWARD; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This cause comes before the Court on Plaintiff's Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement (the "Motion for Final Approval"). The Court has reviewed the Motion, including the exhibits attached thereto, and otherwise being fully informed in the premises, finds as follows:

The Parties entered into a final settlement totaling $500,000 on August 16, 2019 in a Settlement Agreement and Release (hereinafter "Settlement" or "Agreement"), and Plaintiff filed for preliminary approval of the settlement on that same day, August 16, 2019, which, for settlement purposes only, Defendant did not oppose. Declaration of C.K. Lee in Support of Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 13.

On March 25, 2020, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC

1

as Class Counsel, appointing Advanced Litigation Strategies, LLC  as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order").  Docket No. 43.

On July 9, 2020, Plaintiff filed a Motion for Final Approval, which, for settlement purposes only, Defendant did not oppose. That same day, Plaintiff also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Award ("Motion for Service Award").  The motions were unopposed, and, for purposes of settlement only, Defendant did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on August 7, 2020.  No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Award, and the supporting declarations, the oral argument presented at the August 7, 2020 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the August 7, 2020 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class, as defined in the Agreement, for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4.      Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA, as defined in the Agreement.

5.      The Court confirms as final the appointment of Plaintiff Raul Garcia as representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6.      The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7.      The Court finds that Defendant has met all of the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d), and notice was served more than 90 days before this Order.  Therefore, this Order granting final approval of the settlement is now appropriate.  *See* 28 U.S.C. §1715(d).

8.      The Court finds that the notice distributed to class and collective members (the "Class/Collective Notice") pursuant to the Preliminary Approval Order constituted the best and adequate notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9.      Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement terms contained in the Agreement as set forth therein.  The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.  The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

10.      The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated

the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11.     The settlement is also substantively fair.  All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.  *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).  Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

12.     The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13.     The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14.     The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $166,666.67, which is approximately one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class

Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market.

15.     The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $4,350.40, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation.  The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16.     The Court approves and finds reasonable the service award for the named plaintiff Raul Garcia in the amount of $15,000, in recognition of the services he rendered on behalf of the class.  The service award shall be paid from the Settlement Fund, subject to the terms of the Parties' Agreement.

17.     The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $30,000, which shall be paid out of the Settlement Fund, according to the terms of the Parties' Agreement.

18.     The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice.  Neither party to this Litigation is or shall be considered a prevailing party.

19.     The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims.  Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and the Class or the Collective, individually or collectively; all such liability being expressly denied by Defendant.

20.     The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds.  The Parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

It is so ORDERED this __7__ day of ____August____, 2020.

_____

The Honorable Paul G. Gardephe
United States District Judge